**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No.: 25-32528** |
| **David Charles McCarble** | § | |
| **1620 Potomac Dr.** | § | **Chapter 13** |
| **Houston, TX 77057** | § | |
| | § | **Judge Marvin Isgur** |
| **Debtor.** | § | |

**SECURED CREDITOR, YMA INVESTMENT LLC'S**
**MOTION TO DEEM LATE FILED PROOF OF CLAIM AS TIMELY FILED**

**COMES NOW, SECURED CREDITOR**, YMA INVESTMENT LLC (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Motion to Deem Late Filed Proof of Claim as Timely Filed, pursuant to Fed. R. Bank. Pro. 3002(c), and as grounds thereof state the following:

1. On or about May 5, 2025, the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.
2. Secured Creditor's Proof of Claim was due on July 14, 2025.
3. Due to an office error and clerical oversight, Secured Creditor unfortunately missed the claims bar date, but as a valid lienholder, holding a valid and perfected mortgage on the property located at 1620 Potomac Dr., Houston, TX 77057, Secured Creditor must be accounted for within the Plan. Additionally, as soon as realizing this mistake, Secured Creditor hired counsel to protect its interest, without delay.
4. Secured Creditor has retained the undersigned law firm to represent its interests in this matter.
5. Secured Creditor's proposed proof of claim will be filed simultaneously with this motion.

6. Secured Creditor does not bring forth this claim in bad faith and neither the Debtor nor other creditors will be prejudiced by the granting of this motion.
7. Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims where the failure to act was the result of excusable neglect.
8. Additionally, courts have previously stated that "It is well-established that 'liens pass through bankruptcy unaffected' or, in other words, that a secured creditor's lien survives a debtor's discharge in bankruptcy . . . Perhaps for this reason, a secured creditor is not required to file a proof of claim in a Chapter 13 case in order to preserve its lien on the collateral to which its interest attaches." *In re Mullen*, 2015 Bankr LEXIS 4152, at *5 (Bankr. MD. Fla. Nov. 16, 2015, No. 3:13-bk-5879-PMG); See also *In re Nwonwu*, 362 B.R. 705, 708 (Bankr. E.D. Va. 2007) (finding that Section 501(a) of the Bankruptcy Code provides that any creditor may file a proof of claim and that Federal Rule of Bankruptcy Procedure 3002(a) requires only unsecured creditors to file a proof of claim for the claim to be allowed, thus holding that Secured Creditors "are not required to file a proof of claim solely to preserve their lien"); see also *In re Oscar*, 2005 Bankr. LEXIS 3345, 2005 WL 6522763, at 2 (Bankr. E.D. Pa.) (citing *In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003))(holding that courts have concluded that secured creditors in chapter 7, 12, and 13 cases (all governed by Rule 3002) may, but need not, file a proof of claim).
9. Secured Creditor's late proof of claim filing in the instant matter was the result of office error and clerical oversight. The moment its mistake was realized, Secured Creditor retained the undersigned counsel in good faith to help remedy the situation.
10. In the interest of judicial administration Secured Creditor respectfully request that this honorable court deem the Secured Creditor's Proof of Claim as timely filed or in the

alternative allow the Trustee to file Secured Creditor's Proof of Claim in accordance with the Bankruptcy code.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the late filed proof of claim filed simultaneously with this motion be allowed and deemed timely filed, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. mail and/or electronic mail to all parties on the attached service list on this 29th Day of September 2025.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Texas, and I am in compliance with the additional qualifications to practice in this Court as set forth in the Local Rules.

**Law Offices of Damian G. Waldman, P.A.**
P.O. Box5162
Largo, FL 33779
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
Email:**damian@dwaldmanlaw.com**
Attorneys for Mainstar Trust FBO Alan Schwartz IRA Account No. T0896700

By: /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502
Southern District of Texas No.: 2523745

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th Day of September 2025, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Debtor*
David Charles McCarble
1620 Potomac Dr
Houston, TX 77057-1928

Kenneth A Keeling
Keeling Gutierrez
3310 Katy Freeway
Ste 200
Houston, TX 77007
*Debtor's Attorney*

*Trustee*
David Peake
Chapter 13 Trustee
9660 Hillcroft
Suite 430
Houston, TX 77096-3856

*U.S. Trustee*
US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

**Law Offices of Damian G. Waldman, P.A.**
P.O. Box5162
Largo, FL 33779
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By: /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502
Southern District of Texas No.: 2523745